STEVENS *v.* SECRETARY OF STATE.

1. CONSTITUTIONAL LAW—LEGISLATIVE APPORTIONMENT—COUNTIES —POPULATION.

Under article 5, § 3, of the Constitution, giving to each county and such territory as may be attached thereto a separate representative "when it has attained a population equal to a moiety of the ratio of representation," when a county has attained 14,051 inhabitants, or one-half of the legislative ratio, it is entitled to a separate representative in the State legislature.

2. SAME.

If a county is not alone entitled to a representative, it must be joined to an entire county or counties to have a representative: also, if the county alone is entitled to a representative it cannot be combined with others to form a district; the only exception being that a county having less than a moiety, surrounded by counties that have more than such moiety, may be combined with one of those which have a moiety or upwards.

3. SAME.

The apportionment act of 1913 (Act No. 336) contains provisions in violation of the Constitution and is invalid in

that it combines counties which are entitled to a separate representative with smaller counties to form a representative district, although they were not within the said exception.

Mandamus by J. Frank Stevens against Frederick C. Martindale, secretary of State, to compel the respondent to accept and file a petition to permit the relator to become a candidate for State representative in the counties of Missaukee and Kalkaska. Submitted July 10, 1914. (Calendar No. 26,305.) Writ granted July 22, 1914.

*N. W. Dunan,* for relator.

MOORE, J. The relator was elected to the office of State representative from a legislative district embracing the counties of Missaukee and Kalkaska, for the years 1913 and 1914.

At the last session of the legislature it passed a new apportionment act known as Act No. 336 of the Public Acts of 1913, which did away with the Missaukee-Kalkaska district as established by Act No. 244 of the Public Acts of 1905 (1 How. Stat. [2d Ed.] § 127).

Relator is again desirous of becoming a candidate for the office of State representative, and has caused his petitions to be circulated in the counties of Missaukee and Kalkaska, and has presented the same to the secretary of State, for filing, under the provisions of section 26 of Act No. 118 of the Public Acts of 1913, asking that they be filed in compliance with Act No. 244 of the Public Acts of 1905 (1 How. Stat. [2d Ed.] § 127). The secretary of State declined to receive the petition, and this proceeding is brought to compel him to do so.

When the relator's application was made in this court the attention of the attorney general was called to it, with a request that he file a brief, if he so de-

sired.  He replied that when the measure was pending in the legislature he gave two written opinions to the effect that the proposed legislation was in violation of the Constitution; that he has again considered the question; and, as he is still of the same opinion, that he would ask the prosecuting attorney of Wayne county—a county greatly affected by the legislation·—to file a brief.  Accompanying this communication were copies of the opinions to which the attorney general referred.  The court also informed the prosecuting attorney of Wayne county, and also the corporation counsel of Detroit, of the pending litigation, and invited from them briefs.  We are in receipt of a communication to the effect that each of them, after an examination of the apportionment law, is of the opinion that it is in violation of the Constitution, and for that reason they do not desire to file briefs.  Prosecuting attorneys of the other localities to be affected by the result have been notified, but none of them has filed a brief.  This has made it necessary for us to examine the law upon our own account in detail.

The last census shows the State to have a population of 2,810,200, and, to determine the ratio of representation, this number was divided by 100, the number of representatives, thus fixing the ratio at one representative for each 28,102 persons, a moiety of which would be 14,051 persons.

In the formation of districts under the apportionment act of 1913, the legislature combined the following counties having more than a moiety of the representative ratio with others to form districts:

```
Antrim District:
    Antrim ................................. 15,692
    Kalkaska ............................... 8,097
Iron District:
    Iron ................................... 15,164
    Baraga ................................. 6,127
```

| | |
|---|---|
| Keweenaw | 7,156 |
| Ontonagon | 8,650 |
| Mason District: | |
| Mason | 21,832 |
| Lake | 4,939 |
| Osceola District: | |
| Osceola | 17,889 |
| Clare | 9,240 |
| Wexford District: | |
| Wexford | 20,769 |
| Missaukee | 10,606 |

It will be observed Antrim, Iron, Mason, Osceola, and Wexford each have more than a moiety of the legislative ratio of 28,102.

The relator attacks the constitutionality of the act for two reasons:

(1) Each county having a moiety of the legislative ratio standing alone is entitled to a separate representative under the Constitution of Michigan; (2) the apportionment is inequitable and unfair, and not a just exercise of legislative discretion.

Section 3 of article 5 of the Constitution of 1909 reads:

"Each county, with such territory as may be attached thereto, shall be entitled to a separate representative when it has attained a population equal to a moiety of the ratio of representation."

This section is the same as the Constitution of 1850, with the omission of the words "hereafter organized." It is under this provision that relator claims each county that has a moiety of the representative ratio is entitled to a separate representative. That section was construed in a case cited by the relator, the *Houghton County Supervisors* v. *Secretary of State,* 92 Mich. 638 (52 N. W. 951, 16 L. R. A. 432). The case sustains the contention of relator.

We think it clear that the county is the unit of representation; that, if not alone entitled to a representative, it must be joined to an entire county or

counties to send one representative; and conversely that, if the county alone is entitled to a representative, it cannot be combined with other counties to form a district. Such combination of a county having a moiety of the representative ratio with other counties containing less than a moiety is contrary to the theory of the county as a unit of representation, and is unjust to both counties combined.

The only exception is where a county having less than a moiety is entirely surrounded by counties, each of which has more than a moiety, in which case the law of legislative necessity makes it necessary, if the people of the lesser county are to be represented at all, to combine it with a county having a moiety.

An examination of the apportionment act shows a great disproportion in the number of inhabitants in the various districts which relator claims brings the law within the second reason assigned by him as being in contravention of sections 3 and 4 of article 5 of the Constitution.

Similar provisions to these were construed in *Giddings* v. *Secretary of State*, 93 Mich. 1 (52 N. W. 944, 16 L. R. A. 402). The principles which should govern the legislature in making its apportionment are so clearly stated in the provisions of the Constitution to which attention has been called, and in the two cases we have cited, we think it unnecessary to repeat what is there said.

Act No. 336 of the Public Acts of 1913 contains provisions clearly in violation of the provisions of the Constitution which we have cited and is void.

The writ of mandamus will issue according to the prayer of the relator.

MCALVAY, C. J., and STONE and STEERE, JJ., concurred with MOORE, J.

BIRD, J. I am persuaded to concur in the issuance

of the writ as prayed, on the authority of *Williams* v. *Secretary of State*, 145 Mich. 447 (108 N. W. 749).

OSTRANDER, J.   I concur in holding that the apportionment of representatives made by Act No. 336, Pub. Acts 1913, violates the Constitution; but, for the reasons given in the opinion filed in the matter of *Williams* v. *Secretary of State*, 145 Mich. 447 (108 N. W. 749), I hold there is no existing, valid apportionment of representatives, and can be none until the legislature has again acted.

KUHN, J., concurred with OSTRANDER, J.